**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mamiller@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiffs*
Parah, LLC and Ozonics, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **PARAH, LLC**, a Texas limited liability company, **OZONICS, LLC**, a Texas limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>**SCENTLOK TECHNOLOGIES, INC.**, a Michigan corporation, and **SLA TECHNOLOGIES, LLC**, a Michigan limited liability company,<br><br>        Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>    Civil Case No. _____<br>          Judge _____<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiffs Parah, LLC and Ozonics, LLC in support of their Complaint for patent infringement, allege as follows:

### NATURE OF ACTION

    1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**PARTIES, JURISDICTION AND VENUE**

2.      Plaintiff Parah, LLC is a Texas limited liability company having its principal place of business at P.O. Box 598 Lake Jackson, Texas 77566 and is referred to herein as "Parah."  Parah owns the patent-in-suit and exclusively licenses it to co-plaintiff Ozonics, LLC.

3.      Plaintiff Ozonics, LLC is a Texas limited liability company having its principal place of business at P.O. Box 598 Lake Jackson, Texas 77566 and at www.ozonicshunting.com and is referred to herein as "Ozonics."  Ozonics, as an exclusive licensee of the patent-in-suit, sells unique, patented ozone generator systems throughout the United States, including this judicial district.  Ozonics and Parah are collectively referred to herein as "Plaintiffs."

4.      Defendant SLA Technologies, Inc. is a Michigan limited liability company with a place of business at 11199 U.S. 23 South, Ossineke, Michigan 49766 and at www.scentlok.com and www.activatorbyscentlok.com and www.scentlokenforcer.com.

5.      Defendant Scentlok Technologies, Inc. is a Michigan corporation with a place of business at 1731 Wierengo Dr., Muskegon, Michigan 49442 and at www.scentlok.com and www.activatorbyscentlok.com and www.scentlokenforcer.com.  Defendants SLA Technologies, Inc. and Scentlok Technologies, Inc. are collectively referred to herein as Scentlok or Defendants. Upon information and belief, Scentlok sells and distributes ozone generators throughout the United States, including this judicial district, through distributors, dealers, and/or their interactive retail websites.

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject

matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

7. This Court possesses personal jurisdiction over the Defendants because upon information and belief, Defendants knowingly and intentionally committed acts of patent infringement at least in this District, including the sale, offering for sale and/or advertising of infringing products in this District.  Defendants regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this District.  Both Defendants do business over the internet by offering interactive websites that permit the purchase of infringing products to be sent to this District. Defendants' websites further encourage repeated interactions by either allowing purchasers to create a username and password for future access or provide consumers the ability to join a mailing list.  Defendants' interactive websites purposely direct activity to Utah by clearly allowing business with Utah residents.  Upon information and belief, Defendants have sold the accused product in this judicial district.

## GENERAL ALLEGATIONS

8. Plaintiffs own or exclusively license a valid and enforceable United States patent, U.S. Patent No. 8,404,180 (the "'180 patent"), entitled "Method of Descenting Hunter's Clothing."  The '180 Patent issued on March 26, 2013.  A copy of the '180 patent is attached as Exhibit A.

9.  Plaintiffs own or exclusively license a valid and enforceable United States patent, U.S. Patent No. 8,557,177 (the "'177 patent"), entitled "Method of Descenting Hunter's Clothing."  The '177 Patent issued on October 15, 2013.  A copy of the '177 patent is attached as

3

Exhibit B. The '177 patent and the '180 patent are collectively referred to as the Ozonics patents.

10. Defendants make, import, use and sell portable ozone generators designed to descent hunter's clothing under the brands Scentlok Activator On-The-Go and Scentlok Enforcer (collectively the "Accused Ozone Generators"). Defendants' and others' use of the Accused Ozone Generators by hunters to eliminate scent in the field infringes at least claim 1 of the '180 patent and at least claim 1 of the '177 patent. The Defendants' Accused Ozone Generators are shown in the pages attached as Exhibits C and D.

11. Upon information and belief, Defendants have actively induced others to infringe the Ozonics patents by making, selling, distributing and marketing the Accused Ozone Generators for use in the field by hunters and actively promoting the Accused Ozone Generators in a way that instructs and encourages others to use them in a manner that infringes at least claim 1 of the '180 patent and at least claim 1 of the '177 patent.

12. At no time have Plaintiffs given the Defendants permission, license or authorization to use Plaintiffs' patented ozone generator technologies.

13. Despite having knowledge of Plaintiffs' patent rights, the Defendants have continued and will likely continue to willfully and deliberately engage in acts of infringement of the Ozonics patents unless enjoined by this Court.

14. Defendants continued making, using, importing, selling, offering for sale and distribution of the Accused Ozone Generators has injured, is injuring and will continue to cause irreparable injury to Plaintiffs' valuable patent rights and market.

## FIRST CAUSE OF ACTION
### (Patent Infringement Under 35 U.S.C. § 271)

15. Plaintiffs re-allege and incorporate by this reference the preceding allegations of this Complaint.

16. Parah is the owner of the Ozonics patents and Ozonics is the exclusive licensee. Plaintiffs have standing to sue for infringement of the Ozonics patents.

17. Defendants' actions as described above, and specifically Defendants' unauthorized use of the Accused Ozone Generators in a manner that practices the methods claimed in the '180 patent constitutes infringement of the '180 patent under 35 U.S.C. § 271(a).

18. Defendants' actions as described above, and specifically Defendants' unauthorized use of the Accused Ozone Generators in a manner that practices the methods claimed in the '177 patent constitutes infringement of the '177 patent under 35 U.S.C. § 271(a).

19. Defendants' actions as described above, and specifically Defendants' active promotion and marketing of the Accused Ozone Generators that intentionally encourages and instructs others to use the Accused Ozone Generators in a manner that directly infringes at least claim 1 of the '180 patent, constitute induced infringement in violation of 35 U.S.C. § 271(b). On information and belief, Defendants know or should have known that its actions induce others, or at the very are highly likely to induce others, to infringe the '180 patent.

20. Defendants' actions as described above, and specifically Defendants' active promotion and marketing of the Accused Ozone Generators that intentionally encourages and instructs others to use the Accused Ozone Generators in a manner that directly infringes at least claim 1 of the '177 patent, constitute induced infringement in violation of 35 U.S.C. § 271(b).

On information and belief, Defendants know or should have known that its actions induce others, or at the very are highly likely to induce others, to infringe the '177 patent.

21. At the very least, following notice of this lawsuit and the Ozonics patents, Defendants' continued promotion and sale of the Accused Ozone Generators in a manner that encourages and instructs customers to use the Accused Ozone Generators in a manner that practices one or more of the methods claimed in the Ozonics patents will constitute both induced infringement and willful infringement.

22. Plaintiffs are entitled to an injunction prohibiting the Defendants from further making, using, importing, selling or offering to sell the Accused Ozone Generators in a manner that induces direct infringement without permission or license from Plaintiffs under 35 U.S.C. § 283.

23. Plaintiffs are entitled to an award of damages, including without limitation their lost profits resulting from Defendants' infringing activities and from infringing activities Defendants have induced as damages under 35 U.S.C. § 284.

24. Defendants' continued use of the Accused Ozone Generators, and inducement of others to use the Accused Ozone Generators in a manner that practices one or more of the methods claimed in the Ozonics patents, evidence a deliberate and reckless disregard for Plaintiffs' patent rights and constitute a willful infringement of the Ozonics patents. Plaintiffs, therefore, are entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

**PRAYER FOR RELIEF**

FOR THESE REASONS, Plaintiffs pray for a judgment in their favor and against Defendants as follows:

A.  Final judgment that Defendants have infringed and intentionally induced infringement of the '180 patent and the '177 patent.

B.  Preliminary and permanent injunctive relief enjoining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all other abiding, abetting, or acting in concern or active participation therewith, from using directly or indirectly the Accused Ozone Generators in any manner whatsoever that is found to infringe the '180 patent or the '177 patent; and from promoting any infringing use of the Accused Ozone Generators;

C.  An order compelling Defendants account to Plaintiffs for all sales, revenues and profits derived from the sale of the Accused Ozone Generators, and an award to Plaintiffs damages to compensate them for Defendants' acts of patent infringement pursuant to 35 U.S.C. § 284;

D.  An award to Plaintiffs against Defendants of treble damages pursuant to 35 U.S.C. § 284;

E.  A declaration that this case is exceptional and an award to Plaintiffs, against Defendants, of the costs of this action and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285, and the equity powers of the Court;

F.  An award to Plaintiffs and against Defendants of prejudgment interest on all sums allowed by law; and

G. An award of such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the laws of the United States.

Dated this 8th day of June, 2016.

        HOLLAND & HART, LLP

        /s/   Brett L. Foster
        L. Grant Foster
        Brett L. Foster
        Mark A. Miller

        *Attorneys for Plaintiffs*
        Parah, LLC and Ozonics, LLC